IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARK WILSON,

      Plaintiff,

v.                                 CASE NO. 5:11-cv-25-SPM-GRJ

C E RICHARDSON, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* civil rights complaint pursuant to 28 U.S.C § 1983 on February 27, 2011 (Doc. 1). Plaintiff's claims pertain to the medical care he has received while incarcerated at the Northwest Florida Reception Center. Plaintiff alleges that from July 2009 to March 2010 he sought treatment for complaints stemming from an injury to his ankle in 2006, and that the treatment he received was deficient in some respects. Plaintiff names as Defendants Dr. C. E. Richardson, former DOC Secretary Walter McNeil, and John and Jane Does. Doc. 1. The Court granted Plaintiff leave to proceed as a pauper and assessed an initial partial filing fee. Doc. 5.

On the same day that the instant case was filed and docketed, the Clerk filed and docketed a second case from Plaintiff. *See Wilson v. Richardson*, Case. No. 5:11-cv-26-RS-GRJ. A review of the complaint in the second case reflects that the claims asserted are virtually identical to the claims in this case, and Plaintiff names the same Defendants in both cases. *Id*. Doc. 1. The Court also granted Plaintiff leave to proceed as a pauper and assessed an initial partial filing fee in the second case. Doc. 5.

Rule 42(a) of the Federal Rules of Civil Procedure provides in pertinent part, that "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." A district court's decision to consolidate is purely discretionary,[1] but in exercising that discretion the court should consider (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, (3) witnesses and available judicial resources posed by multiple lawsuits, (4) the length of time required to conclude multiple suits as against a single one, and (5) the relative expense to all concerned of the single-trial, multiple-trial alternatives.[2]

Having considered these issues, the undersigned concludes that consolidation of *Wilson v. Richardson*, Case. No. 5:11-cv-26-RS-GRJ, with the above-styled case would conserve judicial resources and permit the efficient and expeditious resolution of Plaintiff's claims. Upon consolidation of the cases, the undersigned will enter an order rescinding the fee order in Case. No. 5:11-cv-26-RS-GRJ.

Accordingly, it is respectfully **RECOMMENDED** that *Wilson v. Richardson*, Case. No. 5:11-cv-26-RS-GRJ, be consolidated with the above-styled case for all further

---

[1] *Wright v. Dougherty County, Georgia*, 358 F.3d 1352, 1356 (11th Cir. 2004).

[2] *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985)(*citing Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982) *cert denied,* 460 U.S. 1102 (1983)).

proceedings, and that all filings should be made in this case.

      **IN CHAMBERS**  this 14th day of April 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**