IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARK WILSON,

    Plaintiff,

v.                                                    CASE NO. 5:11-cv-25-SPM-GRJ

C.F. RICHARDSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former Florida Department of Corrections (DOC) inmate, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and has been granted leave to proceed as a pauper. Plaintiff was incarcerated at Northwest Florida Reception Center (NFRC) when the complaint was filed, but in March 2011 he was released from DOC custody. Upon consideration of Plaintiff's claims, it is recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### Plaintiff's Allegations

Plaintiff's complaint includes numerous attachment pages that set forth a rambling and at times incoherent narrative. After filing the complaint, Plaintiff filed a document (Doc. 4), which the Court construes as a supplement in support of the complaint. Plaintiff attached various administrative remedy documents and notes to these pleadings. The Court has reviewed the documents carefully, and Plaintiff's claims may be summarized as follows.

Plaintiff alleges that he broke his left ankle in 2006 while he was confined in a

different institution.  Plaintiff developed arthritis in the ankle and he received treatment at various DOC institutions in the form of pain medications, an ankle brace, and orthopedic shoes.  Plaintiff alleges that while he was confined at NFRC he sought treatment beginning in July 2009 for pain in his ankle.  Dr. C.E. Richardson examined Plaintiff and told Plaintiff that he believed Plaintiff was exaggerating his symptoms.  Plaintiff alleges that Dr. Richardson told him to put on his shoes and "get out."

The documents submitted by Plaintiff reflect that he was treated with over-the-counter pain medications.  Plaintiff complained that he wanted different medications, an x-ray, and referral to an orthopedic specialist.  Plaintiff's requests were denied.  He alleges that he was seen by a nurse at sick call at least seven times between November 2009 and March 2010, complaining of athlete's foot, jock itch, and pain in his ankle.  Plaintiff filed administrative grievances, prompting review of a 2008 x-ray of his ankle by Dr. Richardson.  In March 2010, Dr. Richardson determined that the x-ray was normal, that treatment with over-the-counter pain medications was appropriate, and he advised Plaintiff to return to sick call as needed to address any other concerns.

Sometime shortly thereafter, Plaintiff saw Nurse "Pipin".  Plaintiff alleges that Nurse Pipin ordered x-rays, an ankle brace, and insoles for Plaintiff, but told Plaintiff that she would not give him different pain medications because of "blood issues with leukemia."  The administrative remedy documents reflect that in June 2010 Plaintiff received a low-bunk pass, arch supports, an ankle support, a pass for no prolonged standing over 20 minutes, and a pass from participating on the recreation field.

Plaintiff alleges that the foregoing facts demonstrate deliberate indifference, cruel and unusual punishment, discrimination, and inadequate medical treatment.  He

seeks monetary relief and "action to [benefit] inmate for the near future."

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license .

. . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed

additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); Chance *v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ( "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

## Discussion

Even if Plaintiff's allegations, liberally construed, establish that his ankle pain gave rise to an objectively serious medical need, he has not alleged a deprivation of that need that is cognizable under the Eighth Amendment. Plaintiff alleges that he was referred to a doctor upon presenting to sick call with his complaints, and that the doctor determined that no treatment apart from over-the-counter pain medications was necessary. Plaintiff alleges that he was seen at sick call at least seven times after that initial examination, an allegation that does not suggest any deprivation of medical attention. Although Plaintiff complains that prison medical personnel should have

provided different treatment during this time, the decision as to the type of treatment that is provided is a "classic example of a matter for medical judgment," that does not provide a basis for Eighth Amendment liability.  *Estelle* 429 U.S. at 107 ("A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.").

In June 2010 Plaintiff received additional treatment and accommodations for his complaints.  Plaintiff alleges no facts suggesting that any delay in obtaining the additional treatment gives rise to an Eighth Amendment claim, because he was receiving ongoing medical care and treatment in the form of over-the-counter pain medications during the intervening time.  Plaintiff's desire for a different treatment reflects a disagreement with Dr. Richardson's medical judgment, but provides no basis for Eighth Amendment liability.

Accordingly, the Court concludes that the allegations of the complaint fail to state an Eighth Amendment claim upon which relief may be granted.  It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted..

**IN CHAMBERS**  this 26th day of May 2011.

    *s/ Gary R. Jones*
    GARY R. JONES
    United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.